IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| MICHAEL ESPINOSA, | : Case No. 1:22-cv-101 |
| Plaintiff, | : Judge Matthew W. McFarland |
| v. | : |
| FIRST ADVANTAGE BACKGROUND SERVICES CORP. and PROLINK HEALTHCARE, LLC, | : |
| Defendants. | : |

## ORDER AND OPINION

The parties in this case filed, under Federal Rule of Procedure 41(a)(1)(A)(ii), a Stipulation of Dismissal with Prejudice as to Defendant First Advantage Background Services Corp. (Doc. 24.) The claim against Defendant ProLink Healthcare, LLC, is to remain.

Rule 41(a)(1) permits a plaintiff to voluntarily dismiss "an action" without a court order. Fed.R.Civ.P. 41(a)(1). It does not, however, provide that a plaintiff may unilaterally dismiss some, but not all, of the defendants or claims in the action. *See Stapleton v. Vicente*, No. 5:18-CV-504-JMH-MAS, 2019 WL 2494564, at *1 (E.D. Ky. June 14, 2019); *EQT Gathering, LLC v. A Tract of Prop. Situated in Knott Cnty., Ky.*, No. CIV.A. 12-58-ART, 2012 WL 3644968, at *2 (E.D. Ky. Aug. 24, 2012). The Sixth Circuit has observed that Rule 41's use of "the word 'action' . . . denotes the entire controversy." *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). *Claim*, on the other hand, "refers to what

has traditionally been termed 'cause of action.'" *Id.* Following this reasoning, district courts in the Sixth Circuit do not permit the use of Rule 41(a) to dismiss some, but not all, of the defendants in a case. *E.g., Stapleton*, 2019 WL 2494564, at *1. *But see Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693 (D. Utah 2015) (noting that the First, Third, Fifth, Eighth, and Ninth Circuits form the majority view that Rule 41(a)(1) allows a plaintiff to dismiss an individual defendant who has not yet served an answer or motion for summary judgment). Thus, in the Sixth Circuit, Rule 41(a) is for dismissing the entire controversy, not parts of it. *E.g., United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018).

Instead, the procedural vehicle for dropping fewer than all the claims or parties is Rule 21. *Philip Carey*, 286 F.2d at 785; *EQT Gathering*, 2012 WL 3644968, at *2. The rule provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed.R.Civ.P. 21. Under this more surgical rule, courts in our circuit have determined that dismissal of "anything less than an entire action" triggers, not Rule 41, but Rule 21. *Preferred Care, Inc.*, 326 F.R.D. at 464 (citing *Letherer v. Alger Grp., L.L.C.*, 328 F.3d 262, 265–66 (6th Cir. 2003) *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008)). *See also AmSouth Bank v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004) ("we have in the past indicated that dismissal of a party, rather than of an entire action, is more proper pursuant to Rule 21"). As this Court has said before, "[t]he correct procedural vehicle for removing individual 'claims' from a larger 'action' is Rule 21." *Dix v. Atos IT Sols. & Servs., Inc.*, No. 1:18-CV-275, 2020 WL 6064646, at *1 (S.D. Ohio Mar. 17, 2020). So,

when seeking dismissal of a single claim, portions of claims, or fewer than all the defendants, parties should use Rule 21. *E.g., Preferred Care, Inc.*, 326 F.R.D. at 464; *Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212, at *2 (E.D. Tenn. Jan. 30, 2017); *Lester v. Wow Car Co.*, No. 2:11-CV-850, 2012 WL 1758019, at *2, n. 2 (S.D. Ohio May 16, 2012); *Sheet Metal Workers' Nat. Pension Fund Bd. of Trustees v. Courtad, Inc.*, No. 5:12-CV-2738, 2013 WL 3893556, at *4 (N.D. Ohio July 26, 2013); *Leaf Funding, Inc. v. Donahue*, No. 2:07-CV-1286, 2008 WL 2388108, at *2 (S.D. Ohio June 6, 2008) ("dismissal of all claims against a single defendant should be pursuant to Rule 21, not Rule 41").

The distinction matters because "[d]ropping less than the entirety of an action . . . risks prejudice to the other parties." *EQT Gathering*, 2012 WL 3644968, at *3. Rule 41(a)(1) provides for a plaintiff's unilateral dismissal of a complaint only under certain circumstances that protect against prejudice to the other side. *Id.* Rules 21 and 41(a)(2), however, lack the self-effecting feature of Rule 41(a)(1), leaving the discretion to determine the prejudice inquiry with the district court. *Id.; Wilkerson*, 2017 WL 401212, at *2-3; *Crozin v. Crown Appraisal Grp., Inc.*, No. 2:10-CV-581, 2012 WL 139219, at *2 (S.D. Ohio Jan. 18, 2012).

In this situation, the parties submitted a stipulation of dismissal "signed by all parties who have appeared," under Rule 41(a)(1)(A)(ii). Courts construe filings by their substantive content, not their labels. *Coleman v. Ohio State Univ. Med. Ctr.*, No. 2:11-CV-0049, 2011 WL 3273531, at *3 (S.D. Ohio Aug. 1, 2011). So—because the stipulation seeks dismissal of only one defendant—the Court will treat the parties' filing as a Rule 21 motion to dismiss the claim against First Advantage. Because all parties signed on to the

3

stipulation, the Court is satisfied that no party will suffer prejudice by dismissing that claim. Lastly, as the notice indicates that dismissal ought to be with prejudice, the Court will rule consistently with the parties' intention. *Compare Baldwin v. Boeing Co.*, No. 1:19-CV-02400, 2021 WL 9036551, at *1 (N.D. Ohio Feb. 19, 2021) (unless the parties state otherwise, dropping a party or severing a claim under Rule 21 is without prejudice) *with United States v. Roberts*, No. 5:19-CV-234-JMH, 2019 WL 6499128, at *1 (E.D. Ky. Dec. 3, 2019) (construing a joint stipulation of dismissal of a single defendant with prejudice as a Rule 21 motion to dismiss with prejudice).

Accordingly, the Court **ORDERS** as follows:

(1) The Rule 41(a)(1)(A)(ii) stipulation of dismissal with prejudice as to Defendant First Advantage Background Services Corp. is construed as a motion to dismiss the claim against that defendant under Rule 21. Upon conversion, that motion is **GRANTED**.

(2) The claim against Defendant First Advantage Background Services Corp. is **DISMISSED WITH PREJUDICE**.

(3) Defendant First Advantage Background Services Corp. is **TERMINATED** as a party in this litigation.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND